Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOISES CORTES, on behalf of himself, and others similarly situated, | Case No.: 19 CV 2819 |
| Plaintiff, | **COMPLAINT in an FLSA ACTION** |
| -against- | |
| THE BRONX BAR AND GRILL, LLC, *doing business as* MOTT HAVEN BAR & GRILL, *or any other business entity doing business as* "MOTT HAVEN BAR & GRILL", located at 1 Bruckner Boulevard, Bronx, New York 10454; and ROSA GARCIA, individually, | ECF Case |
| Defendants. | |

Plaintiff, Moises Cortes ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, The Bronx Bar and Grill, LLC, *doing business as* "Mott Haven Bar & Grill", or any other business entity doing business as "Mott Haven Bar & Grill", located at 1 Bruckner Boulevard, Bronx, New York 10454 (hereinafter, "Mott Haven Bar & Grill"); and Rosa Garcia, individually, (both defendants, collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1.  Plaintiff, Moises Cortes, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the

Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Moises Cortes, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Bronx County, New York.

6. Defendant, The Bronx Bar and Grill, LLC, *dba* "Mott Haven Bar & Grill", is a domestic limited liability company, organized and existing under the laws of the State of New York, with a principal place of business at 1 Bruckner Boulevard, Bronx, New York 10454.

7. Upon information and belief, Defendant, Rosa Garcia, is an owner, general manager, officer, director and/or managing agent of Mott Haven Bar & Grill,

whose address is unknown at this time and who participated in the day-to-day operations of Mott Haven Bar & Grill, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Mott Haven Bar & Grill.

8. The individual defendant, Rosa Garcia, exercised control over the terms and conditions of her employees' employment, including Plaintiff, in that she has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

9. Plaintiff, Moises Cortes, was employed by Defendants in Bronx County, New York, to work as a cook, general helper, and cleaner, at Defendants' bar and restaurant known as "Mott Haven Bar & Grill", located at 1 Bruckner Boulevard, Bronx, New York, during approximately one (1) year, beginning in mid January 2018, through December, 2018.

10. During the period of time relevant to the allegations herein, Mott Haven Bar & Grill, located at 1 Bruckner Boulevard, in The Bronx, through corporate entities, operated a bar and grill.

11. Defendant, Mott Haven Bar & Grill, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been

moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

12. At all relevant times, Mott Haven Bar & Grill was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff, Moises Cortes, was directly essential to the business operated by defendants.

14. Plaintiff was paid partially by check and partially in cash, and worked for the restaurant and directly for Rosa Garcia, for almost one (1) year.

15. Defendants, Rosa Garcia, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

16. The defendant corporation is owned, operated, and controlled by the individual defendant Rosa Garcia.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, in contravention of the FLSA and New York Labor Law.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Moises Cortes lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

19. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Moises Cortes lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

20. Plaintiff, Moises Cortes, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

21. In January 2018, Plaintiff, Moises Cortes, was hired by Defendants to work as a general helper, kitchen preparation assistant and cleaner, at Defendants' restaurant doing business as "Mott Haven Bar & Grill" located at 1 Bruckner Boulevard, Bronx, New York 10454.

22. Plaintiff Moises Cortes was continuously employed by Defendants, between January 2018 through December 2018.

23. Plaintiff worked 4:00 p.m. until 11:00 p.m. on Mondays, Tuesdays, and Wednesdays; 9:00 a.m. until 11:00 p.m. on Thursdays; and 4:00 p.m. until 10:00 p.m. – 10:30 p.m., on Saturdays and Sundays. He worked a total of forty-seven (47) hours per week, and some weeks he worked up to fifty-two (52) working hours per week.

24. During the first five (5) months of his employment, Plaintiff was paid an hourly wage of $13.00 per hour; thereafter, Plaintiff's hourly rate of pay was increased to $14.00 per hour. He was paid partly by cash and partly by check.

25. Plaintiff was paid the same regular rate for all hours worked, without an overtime premium for hours worked in excess of forty (40) per week.

26. Plaintiff did not receive tips in connection with his employment.

27. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in

direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

28. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

29. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

30. Plaintiff did punch a time clock, and was paid hourly. However he was not provided with a written accounting of his pay, and records in Defendants' possession may be false.

31. Defendant, Rosa Garcia, is an individual who, upon information and belief, owns the stock of Mott Haven Bar & Grill, owns Mott Haven Bar & Grill, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

32. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "31" of this Complaint as if fully set forth herein.

33. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

35. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

36. Plaintiff, was entitled to be paid at the rate of time and one-half the his regular hourly rate, for all hours worked in excess of forty (40) as provided for in the FLSA.

37. Defendants failed to pay Plaintiff, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

38. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure them.

40. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and

practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

41. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff, Moises Cortes, of his rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

45. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

46. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

48. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked.

49. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the his regular hourly rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

50. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4, which generally occurred once per week, on Thursdays.

51. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

### COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

52. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for her full hours worked; and, any overtime due.

54. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

55. Plaintiff was not provided with a proper, written wage notice, as required by law.

56. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

57. Plaintiff was not provided with an accurate and complete wage statement as required by law.

58. Defendant's failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

59. Defendant's failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

60. Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FORRELEIF**

**WHEREFORE**, Plaintiff, Moises Cortes, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
March 29, 2019

Respectfully submitted,

By: _____
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
E-mail: pcooper@jcpclaw.com

11

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Moises Cortes, am an employee currently or formerly employed by Mott Haven Bar and Grill, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
March 5, 2019

_____