

November 4, 2019

**BY ECF**

Hon. Sarah Netburn, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Moises Cortes v. The Bronx Bar and Grill, LLC, et. al.,* **19 Civ. 2819 (SN)**

Dear Judge Netburn:

    This firm represents the Bronx Bar and Grill, LLC and Rosa Garcia, the Defendants in the above-referenced case, and I write at your Honor's direction during our Friday, October 25, teleconference concerning this Court's review of the proposed settlement agreement between the parties. The two issues you asked me to address in this letter were 1) whether my clients would consent to mutual releases; and 2) whether I was aware of any case law to support my contention that my clients are entitled to a limited confidentiality provision.

    First, my clients are willing to consent to mutual releases, as set forth in the attached redline (Ex. A) reflecting the changes against the last version submitted to this Court on October 1, 2019 (dkt 17).

    Second, the use of confidentiality provisions can be permissible in settling Fair Labor Standards Act ("FLSA") claims in the United States District Courts for the Southern and Eastern Districts of New York, as long as the confidentiality provisions are not overly restrictive and do not undermine the remedial purposes of the FLSA. *See Pucciarelli v. Lakeview Cars*, 2017 WL 2778029, *4 (E.D.N.Y. 2017). In *Pucciarelli*, upholding a confidentiality clause almost identical to the revised clause proposed by the parties herein, the Court held that "the FLSA imposes no per se bar on confidentiality provisions in settlement. Rather the fairness of restrictions on the parties' ability to disclose details of a settlement depends on the particular circumstances of a given case. *See id*, *4 (E.D.N.Y. 2017). Similarly, in *Lola v. Skadden*, the Court upheld a confidentiality provision in an FLSA case where Plaintiff was well represented (as is the case here), and the provision was the result of an arm's length settlement (as is also true here). *See Lola v. Skadden*, 2016 WL 92222, *2 (S.D.N.Y. 2016).

    In our draft revised settlement agreement (redline attached), we have incorporated language that is almost identical to language that was approved by the E.D.N.Y. in *Pucciarelli*, and addresses

Hon. Sarah Netburn U.S.M.J.
November 4, 2019                                                                                                    Page 2

the concerns laid out in *Lola*.[1] Plaintiff's counsel has indicated that he consents to this approach. Although the parties have not yet signed this revised settlement agreement, due to logistical issues, counsel for all parties believe that their clients do intend to execute the agreement as revised.

        Respectfully submitted,

        /s/R. Zachary Gelber
        R. Zachary Gelber
        Gelber & Santillo PLLC
        347 W. 36th Street, Suite 805
        New York, NY 10018
        Tel: 212-227-4743
        Email: zgelber@gelbersantillo.com

cc:    Counsel of Record (by ECF)

---

[1] While it is true that other courts in the Southern District of New York have rejected confidentiality clauses in other cases, in the context of this settlement, the proposed confidentiality clause is reasonable. In this case, Plaintiff admits he was paid his hourly wage for all of his time, and there was a limited dispute as to approximately $3,000 of purportedly unpaid time and a half, concerning time that Defendants contend was a paid lunch hour and that Plaintiff claims should have been paid as overtime (time and a half), rather than just a straight hourly wage. Further, Plaintiff is represented by competent and experienced counsel and no concern exists that the remedial purposes of the FLSA are being frustrated or a grave injustice kept secret.