```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

MOISES CORTES,

                        **Plaintiff,**

       -against-

**THE BRONX BAR AND GRILL, LLC et al,**

                        **Defendants.**

```
-----------------------------------------------------------------X
```

19-CV-2819 (SN)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/25/2019

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff Moises Cortes ("Plaintiff") brings claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law. ECF No. 1. On October 1, 2019, the parties requested that the Court approve a Settlement Agreement and Release, under which Plaintiff would dismiss his FLSA claims with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). ECF No. 17. See Cheeks v. Freeport House of Pancakes, Inc., 796 F.3d 199 (2d Cir. 2015) (requiring judicial approval of such an agreement). Following a telephone conference, the parties submitted an Amended Settlement Agreement Proposal for review (hereinafter the "Agreement"). The Court reviews the Agreement to determine whether the proposed settlement reflects a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Mosquera v. Masada Auto Sales, Ltd., 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)).

      The Court, having reviewed the Agreement, finds that many elements of the proposed settlement are fair and reasonable given Plaintiff's recovery under the Agreement, the nature and

scope of Plaintiff's individual claim, and the purposes of the FLSA. However, the Court finds that the overbroad confidentiality provision impermissibly hinders the FLSA's goal of ensuring workers' awareness of their rights under the statute. For this reason, the parties' request to approve the Agreement is DENIED without prejudice to filing a second amended agreement.

**DISCUSSION**

There is "a strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted). Because Cheeks itself did not "define the contours of the approval analysis or protocols it envisioned," district courts within the Second Circuit often turn to the factors set forth in Wolinsky to guide their evaluations of whether, under the totality of the circumstances, an FLSA wage and hour settlement is fair and reasonable. Cabrera v. CBS Corp., 17-cv-6011 (CM)(BCM), 2019 WL 502131, at *4 (S.D.N.Y. Feb. 8, 2019); see also Arango v. Scotts Co., LLC, 17-cv-7174 (KMK), 2019 WL 117466, at *2 (S.D.N.Y. Jan. 7, 2019) (collecting cases using Wolinsky factors framework). Weighing the relevant Wolinsky factors in this case as part of its holistic analysis of fairness and reasonableness, the Court declines to approve the Agreement as proposed for the reasons below.

**A. Release of Claims Provision**

As part of the Agreement, Plaintiff is required to waive essentially all claims against Defendant, regardless of whether they are related to his employment. The Agreement provides that Plaintiff "irrevocably and unconditionally releases from and forever discharges and covenants not so sue any of the Released Parties…" and releases Defendant from "any and all charges, complaints, claims, causes of action… which Plaintiff at any time has had, claims or

claimed to have against Defendants including but not limited to claims in the Litigation." ECF No. 19-1 at 4. A separate value of $3,000 is given in exchange for the release of all "[n]on-complaint claims." Id. The Agreement also provides that Plaintiff waives his right to recover in the event a claim is brought on his behalf by any other party. Id. at 5. Defendants similarly release Plaintiff from "any and all charges, complaints, claims, causes of actions, suits . . . and any other liability of any kind whatsoever, known or unknown . . .." Id.

In this Circuit, courts have rejected proposed agreements to settle claims arising under the FLSA when such agreements "'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." Lazaro-Garcia v. Sengupta Food Servs., 15-cv-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (internal quotation mark omitted)). Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," Wolinsky, 900 F. Supp. 2d at 335 (internal quotation marks omitted), these concerns are not as relevant under the circumstances in this case. First, the parties determined that $7,500.00 constitutes 100% of Plaintiff's potential recovery on his labor claims and that the additional payment of $3,000.00 therefore constitutes separate consideration given in exchange for the release of any and all non-complaint claims. See ECF No. 17 at 2. Given that Plaintiff will receive a total amount slightly greater than 100% of his potential recovery, the broad release language triggers fewer concerns about employer coercion and supports a finding that the settlement sum is fair and reasonable. See Wolinsky, 900 F. Supp. 2d at 336 (listing the range of the plaintiff's possible recovery as a specific factor to consider under the totality of the circumstances analysis); cf. Arango, 2019 WL 117466, at *3 (suggesting that

evidence of a settlement representing 100% of a plaintiff's potential recovery weighs in favor of approval). Second, Plaintiff no longer works for Defendant, lessening the risk that Plaintiff waived additional rights for fear of retaliation. See Souza v. 65 St. Marks Bistro, 15-cv-327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) (approving a general mutual release in part because plaintiff was no longer working for defendant); cf. Gortat v. Capala Bros., Inc., 07-cv-3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009), report and recommendation adopted by, 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment"). Third, the release is mutual. See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving a settlement with a general mutual release provision where plaintiff was represented by "able counsel"); Cionca v. Interactive Realty, LLC, 15-cv-05123 (BCM), 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016) (finding a general mutual release provision fair and reasonable given that the case was not a class action and the plaintiff was no longer employed by the defendants); but see Bukhari v. Senior, 16-cv-9249 (PAE)(BCM,) 2018 WL 559153, at *2 (S.D.N.Y. Jan. 23, 2018) ("The fact that [a] general release is facially mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee."). For these reasons, the Court finds the Agreement's release language acceptable.

### B. Confidentiality Provision

The Agreement also contains a confidentiality provision requiring Plaintiff to treat the existence and terms of the Agreement "as confidential." ECF No. 19-1 at 8. The Agreement also prohibits Plaintiff from "publish[ing] the existence or terms of [the] Agreement, whether on

social media, on the internet, or with the press, and will not in any way communicate . . . the amount of the settlement . . . ." Id.

In this Circuit, courts routinely reject bids to keep FLSA settlements confidential. See Armenta v. Dirty Bird Grp., LLC, 13-cv-4603 (WHP), 2014 WL 3344287, at *2 (S.D.N.Y. June 27, 2014) ("The overwhelming majority of courts reject the proposition that FLSA settlement agreements can be confidential"). In doing, courts refer to both the presumptive principle of public access to court documents as well as the FLSA's purpose of ensuring widespread awareness of workers' rights. See Souza, 2015 WL 7271747, at *4 ("[P]rovisions . . . that impose an obligation on a settling plaintiff to refrain from discussing any aspect of the case or the settlement come into conflict with Congress' intent . . . both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." (internal quotations omitted) (emphasis added)); Thallapaka v. Sheridan Hotel Assocs. LLC, 15-cv-1321 (WHP), 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (noting the "strong presumption of public access to court records"). Here, of course, the Agreement will be filed on the public docket, but its terms gag the Plaintiff from discussing anything about his settlement.

The scope of the confidentiality provision in this Agreement is not clearly limited. Plaintiff is required to "treat the existence and terms of [the] Agreement as confidential. . . ." ECF No. 19-1 at 8. This language, in addition to specific prohibitions on publication (including, for example, via the internet or "social media"), may imply a total restriction on the Plaintiff's ability to communicate the terms or existence of the Agreement with individuals other than those explicitly excepted in the provision, namely: Plaintiff's spouse, tax preparer, attorney, or any other person to whom disclosure is "required by compulsory legal process." Id. Although the Court remains mindful of the salient fact that Plaintiff—who no longer works for Defendant—

5

will allegedly receive one-hundred percent of his potential recovery under the proposed settlement, this ambiguous and potentially sweeping confidentiality provision thwarts the FLSA's purpose of ensuring workers' awareness of their rights. See Souza, 2015 WL 7271747, at *4; Camacho v. Ess-A-Bagel, Inc., 14-cv-2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (explaining that broad confidentiality provisions, even where the settlement document is publicly available via ECF, runs afoul of the FLSA's purposes and of the "public's independent interest in assuring that employees' wages are fair"). Specifically, the language requiring Plaintiff to treat the existence and terms of the Agreement as confidential (including the prohibition on sharing information connected to the existence or substance of the Agreement on social media) weighs against approval because it frustrates the FLSA's purposes. See Camacho, 2015 WL 129723, at *3 (rejecting proposed settlement approval where the only factor weighing against approval was a broad confidentiality provision). The language prohibiting Plaintiff from discussing the amount received pursuant to the Agreement does not raise the same concerns because Plaintiff may still abide by that limitation while effectively communicating the existence and terms of the Agreement with others in furtherance of the FLSA's purposes.

For these reasons, the Court will approve a future amended Agreement to the extent it includes a limited confidentiality provision prohibiting Plaintiff solely from disclosing the amount received under the Agreement (subject to any exceptions contemplated by the present Agreement) but not otherwise prohibiting Plaintiff from publishing truthful information about or discussing the existence or other terms of the Agreement.

## CONCLUSION

For the foregoing reasons, the revised request to approve the proposed settlement is DENIED without prejudice to the filing of a new motion for approval. By December 6, 2019, the

parties are directed to file a revised settlement agreement in accord with this Order (*i.e.*, modifying the confidentiality provision to prohibit <u>only</u> disclosure of the amount Plaintiff is to receive under the Agreement), or indicate their intentions to proceed with litigation.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: November 25, 2019
New York, New York